UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LOUANNE P.,

               Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

CASE NO. 3:25-cv-05113-GJL

SOCIAL SECURITY DISABILITY APPEAL ORDER

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 9, 11, 12.

After considering the Administrative Record ("AR") and all memoranda, the Court concludes: (1) the Administrative Law Judge ("ALJ") harmfully erred by failing to specify clear and convincing reasons for finding Plaintiff's testimony not credible; and (2) a remand for further proceedings is appropriate. The Court accordingly **REVERSES** the Commissioner's final decision and **REMANDS** the case for further proceedings.

SOCIAL SECURITY DISABILITY APPEAL ORDER - 1

# I. PROCEDURAL HISTORY

Plaintiff's most recent application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration.[1] AR 17. Plaintiff testified at a hearing before the ALJ on January 18, 2024. AR 17, 163–197. On April 22, 2024, the ALJ issued a written decision in which the ALJ concluded Plaintiff was not disabled pursuant to the Social Security Act. AR 17–30. Plaintiff filed a Complaint in this District seeking judicial review of the ALJ's decision on February 12, 2025. AR 4. Defendant filed the sealed AR on April 14, 2025. Dkt. 7.

# II. BACKGROUND

Plaintiff was born in 1973 and was 46 years old on December 19, 2019, the alleged date of disability onset. AR 17, 28. Plaintiff has a high school education and has no past relevant work experience. AR 28. According to the ALJ, Plaintiff suffers from, at a minimum, the severe impairments of chronic heart failure, coronary artery disease, cardiomyopathy, and blindness in her left eye. AR 20. However, the ALJ found Plaintiff was not disabled because she had the following Residual Functional Capacity ("RFC"):

> to perform light work as defined in 20 CFR 416.967(b) except she can occasionally climb ladders, ropes, or scaffolds. She can occasionally crawl. She can have occasional exposure to vibration, temperature extremes, and humidity extremes. She can have occasional exposure to hazards. She can have occasional exposure to concentrated levels of dust, fumes, gases, and poor ventilation. She has only monocular vision with left eye blindness.

AR 24.

//

---

[1] Plaintiff has filed disability claims under the Social Security Act previously and been found not disabled. *See* AR 202. The prior determinations are not at issue before this Court.

III. DISCUSSION

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

In Plaintiff's Opening Brief, Plaintiff raises the following issues: (1) whether the ALJ properly evaluated Plaintiff's testimony, and (2) whether the ALJ properly evaluated the medical opinion of Karen Schrute, M.D. Dkt. 9 at 2, 8.

**A.     Subjective Symptom Testimony**

In Plaintiff's Opening Brief, Plaintiff argues the ALJ erred in the evaluation of her subjective symptom testimony relating to her congestive heart failure. Dkt. 9 at 2. "An ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or symptoms is credible." *Smith v. Kijakazi*, 14 F.4th 1108, 1111–12 (9th Cir. 2021) (citing *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.*

For the second step of the credibility analysis, provided "there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* (citing *Garrison*, 759 F.3d at 1014–1015). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010) (internal quotation marks and citation omitted).

While the ALJ is not required to believe every claim of disabling pain, *Ahearn v. Saul*, 988 F.3d 1111, 1116 (9th Cir. 2021), or to analyze the claimant's testimony "line-by-line," *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020), the ALJ must identify "*which* testimony [the ALJ] found not credible" and explain "*which* evidence contradicted that testimony" *Laborin v. Berryhill*, 867 F.3d 1151, 1155 (9th Cir. 2017) (emphasis in original).

Plaintiff testified she experiences shortness of breath that is easily triggered in hot or smokey environments, and she needs to sit down to rest when she has difficulty breathing. AR 189. She explained she needs to move slowly while doing household chores, like sweeping and vacuuming, to avoid shortness of breath. AR 189. She indicated that she recently qualified for in-home care to help with cleaning and cooking. AR 182–83. Plaintiff testified she frequently takes long naps during the day because of her fatigue, and she requires the daily use of inhalers and various medications to manage her cardiac conditions.[2] AR 176–77.

The ALJ found Plaintiff's heart conditions could reasonably be expected to cause her alleged cardiac symptoms. AR 26. However, the ALJ determined Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent" with the evidence in the record. *Id.* The ALJ found the evidence "indeed reflects limitations, but is not entirely consistent with the level of impairment alleged by Plaintiff." *Id.*

> For instance, consistent with her allegations of cardiovascular symptoms (such as shortness of breath), the record indicates diagnoses and regular treatment for cardiovascular conditions of congestive heart failure and coronary artery disease. The claimant requires multiple medications to manage her symptoms, which have included shortness of breath, fatigue, and chest pain. Doctors regularly noted echocardiogram findings (such as a left ventricular ejective fraction of 40 to 45%) indictive of reduced heart function.

---

[2] Plaintiff further testified to additional unrelated symptoms, but Plaintiff challenged only the ALJ's evaluation of symptoms relative to Plaintiff's cardiac impairments. Accordingly, the Court does not address the ALJ's evaluation of Plaintiff's other symptoms. *Carmickle v. Comm'r SSA*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address an ALJ's finding because the plaintiff "failed to argue th[e] issue with any specificity in his briefing").

SOCIAL SECURITY DISABILITY APPEAL ORDER - 4

1  *Id.* (citations omitted).

2      "On the other hand," the ALJ found Plaintiff's subjective symptom testimony was
3  inconsistent with Plaintiff's "baseline of good symptom control" throughout the relevant time
4  period, and particularly after Plaintiff had several heart vessels stented in early 2023. AR 26–27.
5  "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective
6  testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing
7  *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir.1995)). The ALJ concluded Plaintiff's
8  "symptom report[s] to providers, her clinical presentation, and test findings indicate that her
9  cardiovascular symptoms were generally controlled with treatment," apart from the "transient
10 episode of increased symptoms from late 2022 to early 2023." AR 26.

11     To reach this conclusion, the ALJ first summarized Plaintiff's medical record prior to
12 November 2022. AR 26. During this time, Plaintiff indicated her cardiac symptoms responded to
13 medications, and she reported feeling well. AR 957, 962, 988. The ALJ found Plaintiff regularly
14 denied or indicated only intermittent heart and respiratory symptoms. AR 957, 960, 977. Plaintiff
15 reported she could walk three-fourths of a mile without shortness of breath. AR 962. Plaintiff's
16 medical providers noted Plaintiff's left ventricular ejective fraction results generally ranged from
17 40 to 45%, indicative of reduced heart function. AR 960–63, 979, 990, 1756, 1840–1847.
18 However, the providers' clinical observations were mostly unremarkable without any noted signs
19 of severe fatigue. AR 959, 969, 978–79, 990, 1519, 1527, 1547, 1555, 1645, 1747–48, 1754,
20 1765–66. Based on these findings, the ALJ concluded the Plaintiff's medical record
21 demonstrated overall good symptom control that was generally inconsistent with the level of
22 impairment alleged by Plaintiff prior to November 2022. AR 26

23

24

1  Next, the ALJ described the transient period of time when Plaintiff's cardiac-related
2  symptoms "notably worsened" from late 2022 through early 2023. AR 26–27. The ALJ noted
3  Plaintiff's November 2022 hospitalization for severe shortness of breath as well as her decreased
4  blood oxygen levels, increased weight, and worsened heart function results during this time. AR
5  1793, 1808, 1816. In December 2022, Plaintiff's echocardiogram revealed a significantly
6  reduced left-ventricular ejection fraction of 26%. AR 1816. As a result, Plaintiff required
7  additional medication, supplemental oxygen for home use, and ultimately the stenting of five
8  heart vessels in February and March of 2023. AR 1782, 1794, 1821.

9  Finally, the ALJ summarized the relevant medical evidence after February 2023. The
10 ALJ found the Plaintiff's "cardiac symptoms improved with the above treatment, and she largely
11 returned to her prior baseline." AR 27. Plaintiff's blood oxygen levels improved, and she no
12 longer required supplemental oxygen. AR 1799. During a February 2023 follow-up visit with
13 her cardiologist, Plaintiff presented with normal respiratory effort, did not report shortness of
14 breath or fatigue, and indicated she felt better overall. AR 1796. Her cardiologist documented her
15 cardiovascular condition as stable and controlled. *Id.*

16 The ALJ found Plaintiff's records after February 2023 "likewise reflect[ed] generally
17 stable and controlled symptoms." AR 27. During a July 2023 follow-up cardiology visit, the ALJ
18 noted Plaintiff "reported only sporadic symptoms" and presented with unremarkable clinical
19 findings. AR 1831. Plaintiff's cardiologist documented her cardiac condition as stable. *Id.*
20 Testing in July 2023 showed Plaintiff's left ventricular ejection fraction had returned to 45%,
21 which the ALJ emphasized was a return to her baseline "prior to temporarily worsening in
22 November 2022." AR 27, 1578.

In November 2023, Plaintiff had an evaluation with her cardiologist for clearance to undergo an unrelated surgical procedure. AR 1837–38. The ALJ again noted her cardiologist documented unremarkable clinical findings, normal respiratory effort, and assessed her cardiac condition as stable and controlled. *Id.* Citing this evidence, the ALJ concluded Plaintiff's effectively treated cardiac impairments were inconsistent with her subjective symptom testimony. AR 27.

Plaintiff challenges the ALJ's consideration of her symptom reports to providers after February 2023. Dkt. 9 at 5, 7. Plaintiff argues the ALJ's decision disregarded Plaintiff's reports of ongoing shortness of breath and fatigue. *Id.* On March 15, 2023, Plaintiff claimed intermittent shortness of breath and wheezing during a follow-up visit with her primary care physician. AR 1808. The ALJ described Plaintiff as having generally "reported only sporadic symptoms" at her follow-up cardiology appointment in July 2023. AR 27. More specifically, Plaintiff complained of shortness of breath and rapid heartrate when "running around" doing things as well as having overwhelming fatigue. AR 1832. On August 9, 2023, Plaintiff complained of shortness of breath after walking several blocks and indicated she had not taken stairs in a long time. AR 1952. On August 22, 2023, Plaintiff reported she continues to tire "very easily" and is "very fatigued." AR 1975.

These reports of ongoing shortness of breath and fatigue omitted from the ALJ's decision support Plaintiff's allegations and directly undermine "the baseline of good symptom control" relied upon by the ALJ to discount Plaintiff's testimony. The ALJ found Plaintiff's cardiac impairments were consistent with symptoms of shortness of breath and fatigue, and both Plaintiff's testimony and portions of the record suggest she continues to experience these symptoms during exertion. Accordingly, the ALJ erred in failing to provide clear and convincing

SOCIAL SECURITY DISABILITY APPEAL ORDER - 7

reasons for discounting Plaintiff's reports of ongoing shortness of breath and fatigue associated with her cardiac impairment.

Plaintiff argues the ALJ similarly erred in relying upon Plaintiff's unremarkable clinical presentation to discount her allegations of shortness of breath and fatigue during minimal exertion. Dkt. 9 at 6. Plaintiff contends the ALJ failed to explain how observations made during brief medical appointments when Plaintiff was not exerting herself were inconsistent with Plaintiff's testimony. The Court agrees. Appearing alert and focused without respiratory distress during a medical appointment does not inherently preclude a person from experiencing shortness of breath during exertion or fatigue requiring lengthy naps during the day. Plaintiff's clinical presentation does not lend itself to the "baseline of good symptom control" relied upon by the ALJ to discount Plaintiff's testimony.

Plaintiff further objects to the ALJ's reliance upon a "baseline" ejection fraction of 40 to 45% to discount Plaintiff's allegations of shortness of breath and fatigue when this rate is still considered abnormal. Dkt. 9 at 5. Plaintiff acknowledges periods of improved heart functioning but contends "testing never showed [her heart] circulating blood at normal levels." *Id.* Even at the "baseline" percentages referenced by the ALJ, her cardiac condition was still rated as Class III heart failure. *Id.* (citing AR 1954). The ALJ acknowledged Plaintiff's ejection fraction rate of 40 to 45% was indicative of reduced heart function consistent with shortness of breath and fatigue. AR 26. As discussed above, she continued to report shortness of breath and fatigue in the record after her cardiac stenting in 2023, and her clinical presentation during medical appointments does not inherently correlate with her symptoms experienced during exertion. Upon review, it is unclear from the ALJ's decision how Plaintiff's return to an abnormal ejection fraction percentage is inconsistent with her allegations of ongoing cardiac symptoms.

SOCIAL SECURITY DISABILITY APPEAL ORDER - 8

For these reasons, the ALJ erred in finding Plaintiff's "baseline of good symptom control" inconsistent with her allegations of shortness of breath during exertion and fatigue. AR 26. Accordingly, the Court finds the ALJ's decision failed to provide clear and specific reasons for rejecting Plaintiff's subjective symptom testimony.

**B.     Medical Opinion of Karen Schrute, M.D.**

Plaintiff objects to the ALJ's conclusion that Dr. Schrute's opinion, limiting Plaintiff's standing or walking to four hours, was unpersuasive. Dkt. 9 at 8. The ALJ found Dr. Schrute's opined limitation inconsistent with Plaintiff's condition being "controlled with treatment," Plaintiff's one-time report that she could walk three-fourths of a mile without shortness of breath, and Plaintiff's typically presenting with no extremity swelling or abnormality in gait or respiratory function. AR 28. The Court notes the ALJ seemingly discounted Dr. Schrute's opined limitation for largely the same reasons offered for discounting Plaintiff's subjective symptom testimony. *Id.*

As the Court has found reversible error in the ALJ's evaluation of Plaintiff's subjective symptom testimony, the Court declines to consider Plaintiff's remaining arguments. Rather, the Court directs the ALJ to reevaluate Plaintiff's subjective testimony; the medical opinions relative to Plaintiff's testimony; to reassess the RFC as warranted by further consideration of the evidence; and, if appropriate, to reassess the step five finding that Plaintiff could perform work which exists in significant numbers in the national economy.

//

//

//

## IV.     CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 28th day of July, 2025.

Grady J. Leupold
United States Magistrate Judge